IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | | |
|---|---|---|
| **JESSE NASH** | | **PLAINTIFF** |
| v. | **No.** 4;20-CV-070-DMB-RP | |
| **BAXTER HEALTHCARE CORPORATION** | | **DEFENDANT** |
| | | **(JURY TRIAL DEMANDED)** |

## COMPLAINT

This is an employment retaliation action under Title VII, 42 U.S.C. § 2000(e) *et seq*. Plaintiff was a Production Technician with more than three years experience working for the Defendant. He filed an EEOC Charge on January 9, 2020, and his supervisor immediately began finding a pretext to terminate his employment. He was suspended and then fired before the month was out. This was unlawful retaliation. In support thereof, COMES NOW THE PLAINTIFF, by and through the undersigned attorney, and alleges as follows:

### JURISDICTION, JURY TRIAL, EXHAUSTION

1. This matter is brought pursuant 42 U.S.C. § 2000e, and this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

2. Plaintiff hereby demands trial by jury on all issues so triable.

3. This matter was subject to an EEOC charge filed within 180 days of the events at issue and administratively exhausted, and this suit is timely filed.

### PARTIES

4. Plaintiff Jesse Nash (hereinafter "Plaintiff" or "Mr. Nash") is an adult resident of Mississippi, and a former employee of Defendant. He is an employee and person as defined in Title VII, and subject to Title VII's protections against retaliation.

5. Defendant Baxter Healthcare Corporation (hereinafter "Defendant" or "Baxter"), is a Delaware corporation.

6. Defendant has more than 15 employees.

7. On information and belief, Defendant has more than 100 employees.

8. On information and belief, Defendant has more than 200 employees.

9. On information and belief, Defendant has more than 500 employees.

10. Defendant's principal place of business is One Baxter Parkway, Deerfield, IL 60015.

11. Defendant's registered agent for service of process is C T CORPORATION SYSTEM, 645 LAKELAND EAST DR, STE 101, FLOWOOD, MS 39232

12. Defendant is an employer as defined under Title VII, and subject to its prohibitions against retaliation.

13. Plaintiff is a former employee of Defendant.

14. Defendant is liable for the acts complained of herein.

## FACTS

15. Plaintiff began working for the Defendant on or about May 31, 2016.

16. His performance in 2016, 2017 and 2018 was good.

17. As of the end of September 2019, Plaintiff had no disciplinary "write ups" in his personnel file.

18. As of the end of September 2019, there was no indication in the Plaintiff's personnel file or performance evaluations that Plaintiff was performing his job poorly.

19. From at least October 2019 through February 2020, Denny Edington was Manufacturing Supervisor II. This is the immediate supervisor of the Plaintiff.

20. From at least October 2019 through February 2020, Glen Lyles was Manufacturing Director. This was the second level supervisor of the Plaintiff.

21. From at least October 2019 through February 2020, Veronica Haas was Senior Human Resources Manager.

22. Haas, Lyles and Edington "sign off" on any discipline issued to Plaintiff.

23. Around November 25, 2019, Plaintiff was accused of leaving work without permission.

24. The accusation was false.

25. Nevertheless, Plaintiff received a disciplinary write up for leaving work without permission.

26. The Defendant decided he should not be terminated for this incident at that time.

27. Plaintiff believed this write-up was "retaliation" and contacted the EEOC in late 2019.

28. This contact culminated in filing a formal EEOC charge.

29. The charge number was 423-2020-00478.

30. The charge was signed by Plaintiff on January 8, 2020 (the wrong year was written on the signature by mistake).

31. The formal charge was received by the EEOC on or about January 9, 2020.

32. On information and belief, Haas learned of Plaintiff's EEOC charge between January 9, 2020 and January 23, 2020.

33. On information and belief, Lyles learned of Plaintiff's EEOC charge between January 9, 2020 and January 23, 2020.

34. On information and belief, Edington learned of Plaintiff's EEOC charge between January 9, 2020 and January 23, 2020.

35. Haas, Lyles, and/or Edington wished to retaliate against Plaintiff for filing the EEOC charge.

36. For this reason, they made recommendations, decisions, and/or concurrences in terminating Plaintiff's employment.

37. Haas concurred in the termination.

38. Lyles terminated the Plaintiff.

39. Edington recommended terminating the Plaintiff.

40. The reasons given for terminating the Plaintiff were a pretext for retaliatory animus.

41. The reasons given for terminating the Plaintiff were untrue.

42. Others who have not filed an EEOC charge, and who committed the comparable "misconduct" to that alleged against Plaintiff, were not disciplined and/or terminated in the same manner as Plaintiff.

43. The person who replaced Plaintiff in the job was not known to the Defendant to have ever filed an EEOC charge before.

44. On information and belief, no one currently working for the Defendant at this facility has filed an EEOC charge before.

45. On information and belief, every person that has filed a charge against Defendant while working at this facility has later left the job.

46. This is because the Defendant has a practice of retaliating against those that file an EEOC charge.

47. Defendant - and these three particular supervisory/HR employees - know that it is unlawful to retaliate against an employee for filing an EEOC charge.

## CAUSES OF ACTION

### COUNT 1: Retaliation under Title VII

48. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

49. Defendant terminated the Plaintiff's employment because Plaintiff filed an EEOC charge.

50. Filing an EEOC charge is "participation" in the EEOC process.

51. It is unlawful for an employer to retaliate for filing a charge with the EEOC.

52. Retaliation is unlawful regardless of whether the underlying EEOC charge had merit and/or was objectively unreasonable.

53. By retaliating against Plaintiff, Defendant violated Title VII of the Civil Rights Act of 1964, as amended.

54. Defendants' violations were willful.

55. Plaintiffs seek the full remedies provided under Title VII, including damages in the amount of unpaid wages, compensatory damages, punitive damages, interest as applicable, and such other legal and equitable relief as may be proper.

**PRAYER FOR RELIEF**

56. WHEREFORE, Plaintiff request that this Court award Plaintiff all available equitable and legal relief, including the following:

    a. Declare that the conduct complained of is unlawful and enter an injunction;

    b. Require Defendant to post a notice in the workplace of this Court's findings of unlawful conduct;

    c. Require Defendants to pay Plaintiffs all amounts owed for unlawful retaliation, including back pay, front pay (or reinstatement), consequential, compensatory and punitive damages as applicable;

    d. Award Plaintiffs reasonable attorney's fees and costs of this action;

    e. Award Plaintiffs interest on damages at the legal rate as appropriate, including pre- and post-judgment interest; and

    f. Grant any further relief that the Court deems just and proper.

The foregoing Complaint is respectfully submitted on behalf of Plaintiff by and through counsel:

/s/ Joel Dillard   Date: April 20, 2020
Joel F. Dillard, Esq. (MS Bar 104202)
Joel F. Dillard, PA
775 N. Congress St.
Jackson MS 39202
Ph: 601-509-1372
Email: joel@joeldillard.com