IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JESSE NASH                                                                                                    PLAINTIFF

V.                                                                                              NO. 4:20-CV-70-DMB-RP

BAXTER HEALTHCARE CORP.                                                                    DEFENDANT

## ORDER

On April 20, 2020, Jesse Nash filed a complaint in the United States District Court for the Northern District of Mississippi against Baxter Healthcare Corp., alleging that Baxter violated Title VII when it terminated his employment in retaliation for filing an EEOC charge. Doc. #1. Baxter, after waiving service,[1] filed on June 29, 2020, its "Answer and Affirmative Defenses to Plaintiff's Complaint," which included twenty-three affirmative defenses. Doc. #3. Two weeks later, Nash moved to strike a number of Baxter's defenses on the argument that "at least 18.5 of them fail to meet Rule 8's pleading standard." Doc. #7 at PageID #27. On July 20, 2020, Baxter filed a "First Amended Answer and Affirmative Defenses to Plaintiff's Complaint." Doc. #8. A week later, Baxter responded to the motion to strike, arguing that its amended answer "meets the fair notice standard routinely applied in this district" and that the amended answer renders the motion to strike moot. Doc. #9 at 1–2. Nash did not reply.

Under the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within … 21 days after serving it." Fed. R. Civ. P. 15(a)(1). Here, in compliance with Rule 15, Baxter filed its amended answer exactly 21 days after filing its original answer. The amended answer, which does not reference or incorporate the original answer, replaced the original

---

[1] Doc. #2.

answer. *See Kennedy Ship & Repair, L.P. v. Loc Tran*, 256 F. Supp. 2d 678, 684 (S.D. Tex. 2003) ("Defendant's First Amended Original Answer supercedes [sic] his Original Answer and renders the Original Answer without effect.") (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). Accordingly, in the absence of any argument that the amended answer suffers from the defects identified in the motion to strike, the motion to strike [6] the original answer is moot and is **DENIED**.

    **SO ORDERED**, this 31st day of August, 2020.

                                        /s/Debra M. Brown
                                        **UNITED STATES DISTRICT JUDGE**